UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS A. CAMEJO-RODRIGUEZ, | ) |
| Plaintiff, | ) CASE NO. C08-1611-TSZ-BAT |
| v. | ) REPORT AND |
| DEPARTMENT OF CORRECTIONS, et al., | ) RECOMMENDATION |
| Defendants. | ) |

Plaintiff, who is currently incarcerated at the Monroe Correctional Complex, is proceeding *pro se* and *in forma pauperis* in this action brought under 42 U.S.C. § 1983. Previously, the Court declined to effectuate service of plaintiff's complaint based on deficiencies identified therein and granted him leave to amend. Dkt. 24. The Court also denied plaintiff's two motions for court-appointed bilingual counsel, motion for emergency commencement of civil action, and motion for commencement of trial and to be moved outside Department of Corrections. Dkt. 25. Plaintiff has now filed an amended complaint. Dkt. 32. He has also filed two emergency motions to support his amended complaint and a third motion for appointment of bilingual counsel. Dkts. 37, 38, 39. After screening plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, the Court recommends that plaintiff's case be DISMISSED. The Court further recommends that plaintiff's emergency motions to support his amended complaint and his third motion for appointment of bilingual counsel be DENIED.

REPORT AND
RECOMMENDATION – 1

**DISCUSSION**

**A.     Plaintiff's Amended Complaint**

The Court previously advised plaintiff that, in order to state a claim under § 1983, he must show that (a) he suffered a violation of rights protected by the Constitution or created by federal statute, and (b) the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1429 (9th Cir. 1991).  To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  *Arnold v. I.B.M.*, 637 F.2d 1350, 1355 (9th Cir. 1981).  The Court directed plaintiff to clearly identify, as to each individual defendant, what constitutional or federal statutory right plaintiff alleges that defendant to have violated, and the facts that support his claims.  Plaintiff has not done so.  Plaintiff named several individual defendants in the caption of his amended complaint.  However, he appears to simply repeat many of the claims he alleged in his original complaint without identifying which defendants are associated with which claims, or identifying the factual basis for the claims against each defendant.

The Court also previously advised plaintiff that a defendant cannot be held liable solely on the basis of supervisory responsibility.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, plaintiff's amended complaint contained numerous allegations against defendants in supervisory positions without identifying individual conduct that violated plaintiff's civil rights.

Finally, the Court advised plaintiff that his amended complaint must provide defendants with "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a) requires a "short and plain statement" of the grounds for relief, and Rule 8(e) requires each averment in a

REPORT AND
RECOMMENDATION – 2

complaint to be "simple, concise, and direct." The Court warned plaintiff that, under Rule 41(b), a complaint may be dismissed for failure to comply with Rules 8(a) and 8(e). *Nevijel v. N., Coast Live Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). Although plaintiff's amended complaint is considerably shorter than his original complaint, it again fails to give fair notice of his claims and the grounds on which they rest. It does not contain a short and plain statement of his grounds for relief. To the contrary, the Court remains unable to determine what the bulk of plaintiff's claims are, or which defendants they are asserted against.

In addition to the above defects, plaintiff appears to focus much of his complaint on alleged violations that took place eight or more years ago. State law governs the limitations period for § 1983 actions. *Owens v. Okure*, 488 U.S. 235, 250 (1989). The applicable statute of limitations for § 1983 actions brought in Washington State is three years. *See* RCW § 4.16.080(2). It appears that many of plaintiff's claims, even if they are proper § 1983 claims, are barred by the statute of limitations.

Where a *pro se* litigant's complaint fails to state a claim on which relief may be granted, he is entitled to an opportunity to amend the complaint unless it is clear that the deficiency cannot be cured. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). The Court has given plaintiff notice of the defects in his original complaint and the opportunity to correct those defects. Plaintiff's amended complaint failed to cure the deficiencies. In addition, amending the complaint would be futile as to the claims barred by the statute of limitations. With one possible exception, the Court does not believe that granting plaintiff a second opportunity to amend his complaint would result in a complaint that states a claim on which relief can be granted.

The exception involves an incident where plaintiff appears to allege that a corrections

REPORT AND
RECOMMENDATION – 3

officer used an automatic door to injure plaintiff. Plaintiff states that the incident occurred on April 22, 2006, within the limitations period. However, as with the rest of plaintiff's claims, he does not clearly identify the defendant or defendants he asserts this claim against, the constitutional or federal statutory rights he alleges the defendant or defendants to have violated, or the facts that support this claim. If plaintiff believes that these defects can be cured by amendment to his complaint, he should lodge an amended complaint, <u>as to this claim only</u>, as part of his objections, if any, to this Report and Recommendation.

**B.      Emergency Motions**

Plaintiff has submitted two documents he labels "emergency motions" to support his amended complaint. Dkts. 37, 39. These documents contain allegations similar to those in his amended complaint. The Court has reviewed these documents in conjunction with its review of plaintiff's amended complaint. However, the contents of these documents did not affect the Court's assessment of plaintiff's amended complaint. To the extent these documents seek relief from the Court, they are hereby DENIED as moot.

**C.      Motion for Court-Appointed Counsel**

Plaintiff has moved, for the third time, for the appointment of bilingual counsel. Dkt. 38. As the Court previously advised plaintiff, there is no right to have counsel appointed in § 1983 cases. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.* Plaintiff has made no new showing of exceptional circumstances that would warrant appointment

REPORT AND
RECOMMENDATION – 4

of counsel. Accordingly, plaintiff's motion for appointment of bilingual counsel is DENIED.

## CONCLUSION

Accordingly, the Court recommends that this action be DISMISSED with prejudice and that plaintiff's pending motions be DENIED. A proposed Order accompanies this Report and Recommendation.

DATED this 13th day of January, 2009.

  
BRIAN A. TSUCHIDA  
United States Magistrate Judge

REPORT AND
RECOMMENDATION – 5