UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUIS A. CAMEJO-RODRIGUEZ,

        Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

CASE NO. C08-1611-TSZ-BAT

REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Monroe Correctional Complex, is proceeding *pro se* and *in forma pauperis* in this action brought under 42 U.S.C. § 1983. Initially, the Court declined to effectuate service of plaintiff's complaint based on deficiencies identified therein and granted him leave to amend. Dkt. 24. Plaintiff filed an amended complaint, but the Court determined that he failed to cure the deficiencies and submitted a Report and Recommendation ("R&R") recommending that the case be dismissed. Dkt. 42. Plaintiff lodged objections to the R&R in which he identified an additional incident of alleged civil rights violations. Dkt. 43, 46. Accordingly, the Court granted plaintiff leave to file a second amended complaint as to that incident only. Dkt. 48, 49. Plaintiff has filed a second amended complaint. Dkt. 54. After screening plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A, the Court recommends that plaintiff's case be DISMISSED.

REPORT AND
RECOMMENDATION – 1

## DISCUSSION

In his objections to the R&R, plaintiff identified an incident in which he alleges that, on December 18, 2008, C/O Misiano used an automatic door to injure plaintiff. See, e.g., Dkt. 43 at 4, ex. 1; Dkt. 46 at 2A-3. The Court granted plaintiff leave to file a second amended complaint as to that incident only. Dkt. 48, 49. In his amended complaint, however, plaintiff does not identify C/O Misiano as a defendant or identify the constitutional or federal or statutory right he alleges C/O Misiano to have violated on December 18, 2008 and the facts that support his claim. Instead, plaintiff appears to state that he wanted to use the alleged December 18, 2008 assault to "back up" other allegations of assault. Dkt. 54 at 3. Plaintiff's complaint fails to state a claim with respect to the December 18, 2008 incident and thus does not comply with the Court's order granting him leave to file a second amended complaint as to the December 18, 2008 incident.

Although plaintiff's second amended complaint fails to state a claim with respect to the December 18, 2008 incident, it does contain numerous other allegations. The Court previously advised plaintiff that, in order to state a claim under § 1983, he must show that (a) he suffered a violation of rights protected by the Constitution or created by federal statute, and (b) the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1429 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. I.B.M.*, 637 F.2d 1350, 1355 (9th Cir. 1981). The additional allegations in plaintiff's second amended complaint, in addition to being outside the scope of the Court's order granting leave to amend, fail to meet this standard. Rather, plaintiff appears to simply repeat many of the claims he asserted in his original complaint and his amended complaint without identifying which defendants are associated with which claims, or identifying the factual

REPORT AND
RECOMMENDATION – 2

basis for the claims against each defendant.

Where a *pro se* litigant's complaint fails to state a claim on which relief may be granted, he is entitled to an opportunity to amend the complaint unless it is clear that the deficiency cannot be cured. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). The Court has given plaintiff notice of the defects in his complaint and his amended complaint, and twice given him the opportunity to correct those defects. Plaintiff's second amended complaint fails to cure the previously identified deficiencies. Accordingly, it appears that granting plaintiff an additional opportunity to amend his complaint would be futile.

## CONCLUSION

For the reasons stated above, the Court recommends that plaintiff's second amended complaint and this action be DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 31st day of March, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND
RECOMMENDATION – 3